UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 19-0115 |
| VERSUS | JUDGE DONALD E. WALTER |
| MELISSA RICHARDSON | MAGISTRATE JUDGE HORNSBY |

_____

### ORDER

Before the Court is a Motion to Reconsider Motion for New Trial filed by the Defendant, Melissa Richardson ("Richardson"). See Record Document 101. The Government opposes the motion. See Record Document 102.

Federal Rule of Criminal Procedure 33(a) permits a court to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33 (a). The decision to grant a new trial should be exercised in caution and should only be granted in exceptional cases. See United States v. Scroggins, 485 F.3d 824, 831 (5th Cir. 2007). A new trial is not required "unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." See United States v. Wall, 389 F.3d 457, 466 (5th Cir. 2004) (citing United States v. O'Keefe, 128 F.3d 885, 898 (5th Cir. 1997)). A court should only grant a new trial "upon demonstration of adverse effects on substantial rights of a defendant." United States v. Rasco, 123 F.3d 222, 228 (5th Cir. 1997) (citation omitted).

The Court previously denied a motion by Richardson for a new trial finding that the interest of justice did not justify setting aside the verdict and granting a new trial. See Record Document 79. In the instant motion, Richardson argues that the Court should reconsider its denial because the Court implicitly acknowledged that the introduction of her confession led to unfair prejudice, confusion of the issues, and/or misled the jury. See Record Document 101-1 at

3. The Court strongly disagrees. Although the Court expressed during Richardson's sentencing that with the benefit of hindsight the confession would have probably been excluded under Federal Rule of Evidence 403, a new trial is not warranted. Given the strength of the video and testimonial evidence in this case, the introduction of the confession by the government was cumulative and unnecessary for conviction.[1] Moreover, the introduction of the confession lengthened the duration of the case. Both are reasons that would have supported the exclusion of the confession under Federal Rule of Evidence 403. If an error occurred, it was harmless.

Based on the foregoing, the Court does not believe that there was a prejudicial error that resulted in a miscarriage of justice or adversely affected Richardson's substantial rights. The interest of justice does not require a new trial. Accordingly, Richardson's motion to reconsider (Record Document 101) is hereby **DENIED**.

**THUS DONE AND SIGNED** this 24th day of July, 2020.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[1] The evidence against Richardson was substantial without her confession. When approached by federal agents, Richardson was found to have loose hydrocodone pills in her scrub pockets. Richardson testified that while performing a second count of prescriptions that were to be mailed out to veterans, she removed and placed hydrocodone pills in her pocket because she believed the pills were overages and she was trying to protect the VA from scrutiny by JACHO, the hospital's accreditation board. See Record Document 88 at 37-39. However, the video evidence shows Richardson, on numerous occasions, moving her arm towards her pocket (where the pills were later found) during the middle of recounting the prescriptions. See Record Document 63-1. The video evidence also shows Richardson verifying that the prescriptions were correct in the computer system, packing the prescriptions from which she removed the pills into mailing envelopes, sealing the envelopes, and placing the envelopes into the outgoing mail bin without separation from the prescriptions from which she did not remove pills. See id. The prescriptions in question were ultimately recounted and shortages were found. While Richardson provided testimony justifying her actions, the jury did not credit her explanations. The video evidence combined with the testimony of other members of the pharmacy staff regarding the proper standards and procedures provided proof of guilt beyond a reasonable doubt without the confession.